UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARIM KOUBRITI,

        Plaintiff,

v.

RICHARD CONVERTINO and MICHAEL THOMAS, Jointly and Severally and in their Individual Capacities,

        Defendants.

_____/

CASE NO. 07-13678

HON. MARIANNE O. BATTANI

**ORDER GRANTING DEFENDANT'S MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

Before the Court is Defendant Michael Thomas' Motion to Dismiss or Alternatively, for Summary Judgment (Doc. No. 63). Although the motion was scheduled for oral argument on May 17, 2011, counsel requested a conference prior to the hearing to discuss the motion. The Court subsequently canceled oral argument. For the reasons that follow, the Court **GRANTS** the motion.

**I. FACTUAL BACKGROUND**

Plaintiff, Karim Koubriti filed a complaint asserting constitutional claims arising out of Defendants' alleged misconduct in the criminal prosecution of Plaintiff for Conspiracy to Provide Material Support or Resources to Terrorists in violation of 18 U.S.C. §§ 371 and 2339(A). Koubriti was convicted not only of that charge but of Conspiracy to Engage in Fraud and Misuse of Visas, Permits and Other Documents in violation of 18 U.S.C. §§ 371, 1546(a). See United States of America v. Koubrit et al., Case No. 01-80778, Doc. No. 367.

After the government concurred in his motion for a new trial, it moved to dismiss Count I of the Indictment--providing material support to terrorists--without prejudice. At a hearing on the motion, the presiding judge found undisclosed documents should have been turned over to the defense. (Id. ¶ 23.)

According to the Complaint filed in this case, on September 17, 2001, a group task force of agents from the Detroit Joint Terrorism Task Force (JTTF) searched an apartment and found evidence including a day planner containing sketches, a videotape, and numerous arabic language audio tapes. (FAC ¶ 10.) On September 27, 2001, the grand jury issued an indictment charging Plaintiff with document fraud. Thereafter, Defendant Richard Convertino, the Assistant United States Attorney who prosecuted Plaintiff, and Thomas, who worked for the Federal Bureau of Investigation as a Special Agent during the investigation, began looking into Plaintiff's involvement in terrorist related activities. (Id. ¶ 12.) According to the amended complaint, Thomas "knowingly presented perjured testimony to a federal grand jury, and failed to disclose numerous facts which would have completely undermined the evidence presented." (Doc. No. 67, Ex. 4.)

Plaintiff alleges that Thomas willfully and intentionally withheld exculpatory evidence or fabricated evidence in the following manner:

    A. By failing to turn over photographs he received of the Queen Alia Hospital to Defendant Convertino;

    B. Failing to disclose e-mails to Defendant Convertino. The e-mails undermined Defendant Thomas' testimony concerning the sketches of the Queen Alia Hospital;

C. Failing to disclose to Defendant Convertino that Nassar Ahmad told him his mentally unstable bother might have been doodling in the day planner in question;

D. Failing to disclose to Defendant Convertino that Air Force OSI SA Goodnight stated that the alleged sketch of the Incirlik Air Base was not accurate;

E. Failing to disclose the names of witnesses who could testify that the sketches did not represent the Incirlik Air Base;

F. Failing to disclose a 9/11/2007 e-mail where Defendant Thomas admitted that there was difficulty transcribing the audio portions of the videotape due to among other things, the Tuniusei or Algeria dialect speech;

G. Failing to record by way of 302, the contents of the ten interviews with Yousif Hnimssa;

H. Failing to disclose to Defendant Convertino that Yousif Hnimssa made many different statements.

(Doc. No. 64, Ex. 3, ¶ 29.)

## II.  STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proven, would entitle him to relief. First Am. Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997).  When reviewing a motion to dismiss,  the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "Under general pleading standards, the facts alleged in the

complaint need not be detailed, although 'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.' " Twombley, 127 S. Ct. at 1964-65.

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008). However, the nonmoving party "cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

### III.  ANALYSIS

The parties dispute whether Thomas is entitled to qualified immunity. Because qualified immunity is immunity from suit, courts typically review the merits relative to immunity before considering a summary judgment motion. See Hunter v. Bryant, 502 U.S. 224, 227 (1991) (qualified immunity should be resolved "at the earliest possible stage in litigation"). In this case, based upon the status conference, the Court instead directs its attention to whether Thomas is entitled to summary judgment.

Defendant's motion included a declaration in which Thomas refutes each of the allegations advanced in the complaint. When Plaintiff filed his response brief, his position

4

simply was that the "amount and breadth of evidence" that was exculpatory would have required dismissal of the indictment. (Doc. No. 67, p. 10.) He also asserted that "one can only guess at the evidence that was destroyed." (Id.)

Plaintiff conceded that if this matter proceeded to trial, he has no evidence to rebut Thomas' declaration. In sum, Thomas' declaration is uncontradicted and demonstrates that he neither withheld evidence from the prosecution nor fabricated evidence. Plaintiff's speculation about what exculpatory evidence might have been destroyed simply does not meet the nomovant's burden relative to summary judgment. Plaintiff conceded this point when the parties met with the Court in advance of the scheduled argument. Accordingly, Thomas is entitled to summary judgment.

## IV. CONCLUSION

In sum, Defendant's motion is **GRANTED**. Plaintiff's Complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date: May 23, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager